IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:16-cr-149-GBL |
| ) | |
| BERNARDO EUGENE FORD, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Bernardo Eugene Ford, Jr.'s Motion to Strike Jury Panel (Dkt. No. 124). Because Defendant believes the jury is disproportionally white, he moves pursuant to 28 U.S.C. § 1867(a) & (f) to either: (a) stay the action to allow for discovery relating to the jury selection process; (b) dismiss the jury panel and select one that is more representative of the Northern Virginia community; or (c) add diverse jurors to the current jury panel.

The first issue is whether, pursuant to 28 U.S.C. § 1867(f), the Court should stay the proceedings to allow Defendant to conduct discovery relating to the jury selection process. The Court declines to stay the proceedings to allow additional discovery because Defendant already has access to the records required to be disclosed under 28 U.S.C. § 1867(f).

The second issue is whether, pursuant to 28 U.S.C. § 1867(a), the Court should dismiss the indictment or stay the proceedings on the ground that the clerk's office substantially failed to comply with the procedures for selecting a petit jury. The Court declines to dismiss or stay this action because Defendant failed to make a *prima facie* showing of a substantial failure to comply with the appropriate procedures for selecting a petit jury. Accordingly, the Court DENIES Defendant's motion.

## I. BACKGROUND

The Superseding Indictment alleges that Defendant and "John Doe" killed a person in the course of robbing the person of drugs and money, and the Superseding Indictment charges Defendant with: (1) one count of Hobbs Act conspiracy in violation of 18 U.S.C. § 1951; (2) one count of Hobbs Act robbery in violation of 18 U.S.C. §§ 2 & 1951; and (3) one count of causing a death through the use of a firearm in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), & 924(j).

A three- to four-day jury trial was set for March 6, 2017. On March 3, 2017, Defendant filed the instant motion now before the Court. Defendant argues that he is harmed by the present jury panel because it fails to comport with the intent of constitutional and statutory rights—namely, a fair trial. In support of his motion, Defendant notes that he is African American, that whites compose 83 percent of the 54-person jury panel, that the number of whites on the jury panel is disproportionate to the population in the Alexandria Division, and that Virginia has a "long history of discrimination." Defendant's brief does not cite any case, binding or otherwise, in which a court has granted the relief that Defendant seeks based on the arguments that Defendant has put forth. In addition, Defendant has not pointed to any evidence of a trial atmosphere that has been influenced by press coverage or other external factors.

## II. DISCUSSION

### A. Standard of Review

The Sixth Amendment to the Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI. The Supreme Court has read into the Sixth Amendment a guarantee that a jury will be composed of a fair cross-section of the community, *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975), and Congress has codified that requirement in the Jury Selection and Service Act of 1968 ("JSSA"), 28 U.S.C. § 1861 *et seq.* Pursuant to section 1861 of the JSSA,

> [i]t is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes. It is further the policy of the United States that all citizens shall have the opportunity to be considered for service on grand and petit juries in the district courts of the United States, and shall have an obligation to serve as jurors when summoned for that purpose.

28 U.S.C. § 1861. The JSSA allows the defendant to inspect the records used in connection with the jury selection process during the preparation and pendency of a motion to stay the proceedings or dismiss the indictment under the statute. 28 U.S.C. § 1867(f); *United States v. Jones*, 533 F. App'x 291, 299 (4th Cir. 2013). The JSSA also allows a defendant, before *voir dire*, to move for a dismissal of the indictment or a stay of the proceedings against him on the basis of substantial failure to comply with the JSSA's rules for jury selection. *United States v. Meredith*, 824 F.2d 1418, 1424 (4th Cir. 1987). If the trial court finds a substantial failure to comply with the JSSA in selection of the jury, the court shall stay the proceedings pending a proper jury selection. *Meredith*, 824 F.2d at 1424.

To make a *prima facie* showing of a constitutional fair cross-section violation, the defendant must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community;
>
> (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and
>
> (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

3

*Berghuis v. Smith*, 559 U.S. 314, 319 (2010) (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)). "The first [prong] is, in most cases, easily made; the second and third are more likely to generate controversy." *Berghuis*, 559 U.S. at 319.

**B. Analysis**

The Court denies Defendant's motion because he has failed to justify staying the case or altering the jury panel.

The defendant in *Duren* successfully challenged Jackson County's administration of a Missouri exemption permitting any woman to opt out of jury service. 439 U.S. at 360. First, women in Jackson County were both "numerous and distinct from men." *Id.,* at 364. Second, Duren's "statistical presentation" showed gross underrepresentation: Women were over half the jury-eligible population; in stark contrast, they accounted for less than 15% of jury venires. *Id.* at 364–66. Third, to show the "systematic" cause of the underrepresentation, Duren pointed to Missouri's law exempting women from jury service, and to the manner in which Jackson County administered the exemption. *Id.* at 366–67. Concluding that no significant state interest could justify Missouri's explicitly gender-based exemption, the Supreme Court held the law, as implemented in Jackson County, violative of the Sixth Amendment's fair-cross-section requirement. *Id.* at 67–69.

By contrast, in *Lewis*, the defendant contended that African American had been disproportionately excluded from the venire in South Carolina. *United States v. Lewis*, 10 F.3d 1086, 1089 (4th Cir. 1993). Although the Fourth Circuit found that African Americans are a distinctive group, the Court found that Lewis had failed to establish the other two prongs of the *Duren* test. *See id.* As to the second prong, the Fourth Circuit has held that use of current voter registration lists as the source for a jury pool from which random selection of jurors is made

presumptively provides a fair cross-section, even if minorities are underrepresented on those lists, as long as there is no affirmative discrimination in registration. *Id.* at 190 (citation omitted). In reaching that conclusion, the Fourth Circuit said that in order to be fair and reasonable, the disparity "between the proportion of eligible whites selected for master jury wheel and proportion of eligible minority persons selected must not exceed twenty percent." *Id.* (citation and internal quotation marks omitted). Lewis failed to satisfy the second prong because the disparity between the proportion of eligible whites selected for the venire and the proportion of eligible African Americans was below twenty percent. Lewis failed to satisfy the third prong because he did not cite any evidence of affirmative discrimination in registration. *See id.*

Here, Defendant fails to make a *prima facie* showing under the second and third prongs. As to the second prong, Defendant fails to rebut the presumption that use of current voter registration lists as the source for a jury pool from which random selection of jurors is made provides a fair cross-section. Defendant provides only U.S. Census data without any support for how those statistics comport with how this Court should analyze "underrepresentation." As to the third prong, Defendant fails to explain how there is a "systematic" exclusion of African Americans in the jury-selection process. The Court acknowledges, as Defendant points out, that Virginia has had a history of discrimination, but Defendant has not set forth any facts, or even allegations, to show how there is currently a "systematic" exclusion of African Americans.

Three other reasons support the Court's denial of Defendant's motion. First, Defendant has not provided "a sworn statement of facts which, if true, would constitute a substantial failure to comply" with the JSSA, as required by 28 U.S.C. § 1867(d). Second, Defendant has not offered any case, binding or otherwise, in which a court has granted the relief that Defendant seeks based on the arguments that Defendant has put forth. Third, the Court notes that

Defendant has not pointed to any evidence of a trial atmosphere that has been influenced by press coverage or other external factors that would make this a unique case.

Because Defendant has failed to justify staying the case or altering the jury panel, the Court denies Defendant's motion.

### III. CONCLUSION

Defendant has failed to justify staying this case to permit additional discovery. Further, Defendant has failed to make a *prima facie* showing of a constitutional fair cross-section violation.

Accordingly, it is hereby

**ORDERED** that Defendant Bernardo Eugene Ford, Jr.'s Motion to Strike Jury Panel (Dkt. No. 124) is **DENIED**.

**IT IS SO ORDERED.**

ENTERED this 6th day of March, 2017.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia