IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| BERNARDO EUGENE FORD, JR., ) | |
| ) | |
| Petitioner, ) | Criminal Case No. 1:16-cr-149 |
| ) | Civil Case No. 1:19-cv-587 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Petitioner Bernardo Eugene Ford, Jr.'s ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

On July 7, 2016, Petitioner was indicted on six counts: two counts under the Hobbs Act for conspiracy (Count I) and robbery (Count II), one count for use of a firearm in a crime of violence causing death in violation of Title 18, U.S.C. §§ 2 and 924(c)(1)(A)(iii) & (j) (Count III), and two counts for possession of a firearm and ammunition in violation of Title 18, U.S.C. §§ 2 & 922(g)(1) (Count IV and V). On June 9, 2017, Petitioner was found guilty and sentenced to 240 months' incarceration on Count I, a concurrent sentence of 240 months' incarceration on Count II, and a concurrent sentence of 180 months' incarceration on Count III, a five-year term of

supervised release, and a $300 special assessment. Petitioner appealed on the same day, arguing the district court erred in admitting evidence of Facebook communications between him and his co-conspirator. On February 12, 2018, in an unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed the conviction and sentence. See United States v. Ford, 711 F.App'x 150 (4th Cir. 2018).

On May 14, 2019, Petitioner timely filed a Motion to Vacate his sentence, arguing ineffective assistance of counsel on three different grounds and arguing that the Supreme Court's consideration of 18 U.S.C. § 924(c) would directly affect Petitioner and thus entitled him to a new trial. On May 29, 2019, the Court directed the Government to respond. The Government filed its response on June 6, 2019. Petitioner's Motion to Vacate included a request for leave to file a motion in support, to include legal citations and arguments. On July 19, 2019, the Court granted Petitioner's request, giving Petitioner twenty-one (21) days to file a memorandum. Petitioner subsequently filed a memorandum on November 18, 2019. The Court deems this memorandum timely filed.

Under 28 U.S.C. § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence,

2

that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); see Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

To succeed on an ineffective assistance of counsel claim, Petitioner must show: (1) that his counsel's performance was objectively unreasonable; and (2) that his counsel's deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). An ineffective assistance of counsel claim will fail if petitioner cannot make the required showing of either deficient performance or sufficient prejudice. Id. at 700. Vague and conclusory allegations of wrongdoing may be disposed of without further investigation by the reviewing court. United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013).

To prove the first prong of the *Strickland* test, Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms. Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995)(citing Strickland, 366 U.S. at 688). The second prong of the *Strickland* test, actual prejudice, is established by showing

3

"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Bell, 72 F.3d at 427 (citing Strickland, 366 U.S. at 688).

Petitioner's three arguments for ineffective assistance of counsel fail because Petitioner does not allege conduct that fell below an objective standard of reasonableness. Petitioner first claims that his counsel failed to challenge the constitutionality of the Hobbs Act. However, the Hobbs Act was codified by Congress as an exercise of its authority under the Commerce Clause of the United States Constitution. U.S. Const. art. I, § 8, cl. 3; United States v. Williams, 342 F.3d 350, 353-55 (4th Cir. 2003); see Taylor v. United States, 136 S. Ct. 2074, 2079 (2016)(quoting Stirone v. United States, 361 U.S. 212, 215 (1960)). With this in mind, failing to raise a constitutional challenge to the Hobbs Act would not fall below an objective standard of reasonableness.

4

Petitioner's second claim, that his counsel provided ineffective assistance by failing to move to dismiss the indictment on merger grounds, also fails to prove unreasonable conduct. First, the question of merger arises for sentencing purposes, after a defendant is convicted. See United States v. Jones, 204 F.3d 541, 544 (4th Cir. 2000). Thus, a defendant may be charged with multiple crimes, even if those crimes later may merge. Second, no merger problem is presented here. Petitioner contends that Count I includes the conduct of Count II and that the two sections under § 924(c) & (j) in Count III merge. However, Count I and II are offenses subject to separate prosecution; Count I charged Petitioner with conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and Count II charged him with substantive Hobbs Act robbery, also in violation of § 1951. A conspiracy to commit an offense and the actual commission of the offense do not merge, but rather constitute two separate offenses. United States v. Ruhbayan, 406 F.3d 292, 300 (4th Cir. 2005); see Iannelli v. United States, 420 U.S. 770, 777 (1975). The one exception, made when the substantive offense requires the agreement of two persons, is inapplicable in this case because Petitioner's substantive offense—robbery—does not require "concerted criminal activity." Iannelli, 420 U.S. at 785; see Ruhbayan, 406 F.3d at 300 (citing Iannelli, 420 U.S. at 774 n.5)(listing the classic examples for

5

Wharton's Rule offenses, including adultery, incest, bigamy, or dueling).

Neither does Petitioner's second contention present a merger issue. Petitioner does not clearly allege what merger problem he believes exists with regard to Count III. But § 924(c) does not merge with either 18 U.S.C. § 1951 nor with § 924(j). Black's Law Dictionary defines "merger of offenses" as the "absorption of a lesser included offense into a more serious offense when a person is charged with both crimes." Black's Law Dictionary (11th ed. 2019). 18 U.S.C. § 1951 is not a "lesser included offense" of § 924(c). Rather, § 924(c) provides for an additional period of confinement for using, carrying, or possessing a firearm during and in relation to any crime of violence, which, in Petitioner's case, was the commission of Hobbs Act robbery. See 19 U.S.C. § 924(c)(1)(A). Where such a firearm is discharged, the additional period of confinement is a minimum of ten years. § 924(c)(1)(A)(iii). Rather than merging with a lesser included offense, § 924(c) "mandates a distinct penalty to be imposed 'in addition to the punishment provided for [the predicate] crime.'" Dean v. United States, 137 S. Ct. 1170, 1172 (2017)(quoting § 924(c)(1)(A)). For the same reasons, there is no merger issue with regard to § 924(j), which allows a person to be punished by death or imprisonment for life or any term of years if that person murders another person with a

firearm during a violation of § 924(c). For these reasons, Petitioner has not presented a substantive issue for merger in his case and so cannot establish that his counsel was unreasonable in failing to move for the dismissal of any of the counts in the Superseding Indictment. As a result, Petitioner's second ground for relief under § 2255 must fail.

Petitioner's third ground that his counsel provided ineffective assistance of counsel fails for lack of factual support. Petitioner argues that his counsel failed to address references to race made during the proceedings but offers no factual basis for the claim. Therefore, Petitioner's claim is conclusory, without merit, and so must fail.

As a fourth ground for relief, Petitioner claims that the Supreme Court's consideration of § 924(c) could require a new trial. However, Petitioner has not identified a new right recognized by the Supreme Court and the Supreme Court's recent consideration of § 924(c) has not affected Petitioner's conviction and sentence. A new right may be asserted by a prisoner within a one-year window of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Although any federal court can make the retroactivity decision for purposes of § 2255(f)(3), the Supreme

7

Court itself must recognize the specific substantive right at issue. United States v. Thomas, 627 F.3d 534, 537 (4th Cir. 2010); see United States v. Halteh, No. 1:05-CR-68, 2017 LEXIS 136687, at *1 (E.D. Va. Aug. 24, 2017). The Supreme Court recognizes an asserted right "if it formally acknowledge[s] that right in a definite way. . . . [I]f the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017).

Petitioner fails to identify any right recognized by the Supreme Court that would permit a collateral attack on his conviction and sentence. In fact, Petitioner seems to concede no new right exists, by arguing the Supreme Court "will decide the fate of section 924" and the decision "will affect" Petitioner. As a result, Petitioner's fourth ground for relief is speculative, conclusory, and must fail.

Furthermore, Petitioner fails to identify any Supreme Court decision to support his claim that the Supreme Court's consideration of § 924(c) could require a new trial. Only one case concerning § 924(c) was pending in the Supreme Court at the time both Petitioner's and the Government's motions were filed. The question presented in *United States v. Davis*, 139 S. Ct. 2319 (2019), was whether the subsection-specific definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is

unconstitutionally vague. The Supreme Court found that it was. Id. at 2336. This decision, however, is irrelevant to Petitioner's conviction and sentence because § 924(c) contains two definitions for "crime of violence." Under either 18 U.S.C. § 924(c)(3)(A) or (B), referred to as the "force clause" and the "residual clause" respectively, a predicate offense can qualify as a crime of violence. United States v. Simms, 914 F. 3d 229, 233 (4th Cir. 2019). The Supreme Court in *Davis* held that the residual clause was unconstitutionally vague. Davis, 139 S. Ct. 2319 (2019). Under the alternative "force clause," an offense is a crime of violence when a court determines that the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force. Simms, 914 F. 3d at 233. Courts have consistently held Hobbs Act robbery to be categorically a crime of violence. See, e.g., United States v. Hill, 890 F.3d 51, 52, 60 (2nd Cir. 2018), cert. denied, 139 S. Ct. 844 (2019); United States v. Melgar-Cabrera, 892 F.3d 1053, 1066 (10th Cir. 2018), cert. denied, 139 S. Ct. 494 (2018)(the threat of indirect force is a threat of "physical force" in a felony crime of violence under § 924(c)); United States v. St. Hubert, 909 F.3d 335, 346 (11th Cir. 2018), cert. denied, 139 S. Ct. 1394 (2019); See also, United States v. Hill, No. 3:11CR49, 2019 U.S. Dist. LEXIS 91231, at *6-10 (E.D. Va. May 30, 2019); Reed v. United States, No. 1:13-cr-48, 2017 U.S. Dist. LEXIS

89948, at *2-4 (E.D. Va. June 12, 2017). The predicate for Petitioner's conviction thus independently qualifies as a crime of violence under the "force clause" and so the outcome of *Davis* is irrelevant to Petitioner's conviction and sentence. Because Hobbs Act robbery is a crime of violence under § 924(c)(3)(A) and Petitioner has not identified a newly recognized right to relief per § 2255(f)(3), Petitioner's last ground for relief lacks merit and fails. For the aforementioned reasons, this Court finds Petitioner's claims do not entitle him to § 2255 relief. Therefore, Petitioner's motion should be denied.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
February 12, 2020